*UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*MARSHALL DIVISION*

| | | |
|---|---|---|
| MELANIE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08cv00182 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY F/K/A | § | |
| HARTFORD LIFE GROUP INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Subject to its Motion to Transfer Venue, Defendant Hartford Life And Accident Insurance Company ("Hartford Life") files this, its Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Melanie Jones ("Plaintiff"), and states as follows:

1. Paragraph 1 of the Complaint does not contain allegations to which Defendant is required to respond.

## I.

## PARTIES

2. Hartford Life admits the allegations contained in Paragraph 2 of the Complaint.

3. Hartford Life admits the allegations contained in Paragraph 3 of the Complaint.

4. Hartford Life admits it is licensed to do business in the State of Texas and has been, at certain times, the claim administrator for and insurer of the VF Corporation Group

Long Term Disability Income Insurance Plan No. 503 (the "Plan"), and it issued policy number SR-8326726, effective June 1, 2002 (the "Policy"). Hartford Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

## II.

## JURISDICTION AND VENUE OF ERISA CLAIMS

5. Hartford Life admits the allegations contained in Paragraph 5 of the Complaint.

6. Hartford Life admits the allegations contained in Paragraph 6 of the Complaint.

7. Hartford Life admits venue of the above-styled action is proper in the Eastern District of Texas, but denies venue is correct with the Marshall Division as the county of Plaintiff's residence, Collin County, is in the Sherman Division. Hartford Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

## III.

## FACTUAL BACKGROUND

8. Hartford Life admits VF Corporation sponsored the Plan to provide long term disability benefits to certain of its employees. Hartford Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Hartford Life admits the Plan is subject to and governed by ERISA

10. Hartford Life admits VF Corporation sponsored the Plan to provide long term disability benefits to certain of its employees. Hartford Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Hartford Life admits that it has been, at certain times, the claim administrator for and insurer of the Plan, and that benefits from the Plan are paid in accordance with the provisions of the Policy. Hartford Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Hartford Life admits that certain employees of VF Corporation were participants in the Plan. Hartford Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Hartford Life admits Plaintiff was a participant in the Plan as of May 5, 2005, and was an employee of VF Corporation from February 21, 2000, until May 5, 2005. Hartford Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Hartford Life admits Plaintiff was an employee of VF Corporation from February 21, 2000, until May 5, 2005. Hartford Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Hartford Life admits Plaintiff was, at certain times, employed as a Sales Representative with VF Corporation. Hartford Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Hartford Life admits certain of Plaintiff's medical records contained in the administrative record concerning Plaintiff's claim for benefits from the Plan reflect various diagnoses of Plaintiff, and Hartford Life refers to the administrative record itself as the best evidence of the contents. Hartford Life admits that the Policy contains provisions regarding participants' eligibility for benefits from the Plan, and Hartford Life refers to the Policy itself as

the best evidence of its contents. Hartford Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Hartford Life admits Plaintiff received benefits from Plan from May 6, 2005, through June 18, 2007, on which date she was no longer eligible to receive benefits because she did not satisfy the requirements of the Policy. Hartford Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Hartford Life admits a letter dated June 18, 2007, was sent to Plaintiff, but refers to the letter itself as the best evidence of its contents. Hartford Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. There is no Paragraph 19 of the Complaint.

20. Hartford Life admits a letter dated October 25, 2007, was received from William M. Hayner, who stated that he "represents Melanie Jones in her appeal of the termination of her Long Term Disability benefits," but Hartford Life refers to the letter itself as the best evidence of its contents. Hartford Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Hartford Life admits a letter dated January 28, 2008, was sent to William M. Hayner, but refers to the letter itself as the best evidence of its contents. Hartford Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Hartford Life admits Plaintiff's required administrative remedies have been exhausted with regard to her claim against Hartford Life for recovery of benefits pursuant to U.S.C. § 1132(a)(1)(B). Hartford Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Hartford Life denies all allegations contained in Paragraph 23 of the Complaint.

24. Hartford Life admits the Policy includes language pertaining to the definition of "Disability" as applicable to a participant's claim for benefits from the Plan, but refers to the Policy itself as the best evidence of its contents. Hartford Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

## IV.

## COUNT ONE

### CLAIM FOR BREACH OF THE PLAN /POLICY CLAIM

25. Hartford Life denies all allegations contained in Paragraph 25 of the Complaint.

26. Hartford Life admits having received certain documentation pertaining to Plaintiff's claim for benefits from the Plan. Hartford Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Hartford Life denies all allegations contained in Paragraph 27 of the Complaint.

28. Hartford Life denies all allegations contained in Paragraph 28 of the Complaint.

29. To the extent that the allegations contained in Paragraph 29 of the Complaint are an attempt to interpret the relevant plan documents, Hartford Life refers to the relevant documents themselves as the best evidence of its contents. To the extent that the allegations contained in Paragraph 29 are legal conclusions, Hartford Life is not required to

respond.  Hartford Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Hartford Life admits that the Policy contains provisions regarding participants' eligibility for benefits from the Plan, and Hartford Life refers to the Policy itself as the best evidence of its contents.  Hartford Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Hartford Life admits that the Policy contains provisions regarding the payment of benefits from the Plan, and Hartford Life refers to the Policy itself as the best evidence of its contents.  Hartford Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Hartford Life admits Plaintiff's birth date is identified in the administrative record, and Hartford Life refers to the administrative record itself as the best evidence of its contents.  Hartford Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Hartford Life denies the allegations contained in Paragraph 33 of the Complaint.

## V.

## COUNT TWO

### CLAIM FOR FAILURE TO PROVIDE A FULL AND FAIR REVIEW

34.-45. The allegations contained in Paragraphs 34-45 of the Complaint are the subject of Hartford Life's Motion to Partially Dismiss, filed contemporaneously with this Answer.

## VI.

## COUNT THREE

### CLAIM TO ENFORCE RIGHTS UNDER THE TERMS OF THE PLAN

46.-52. The allegations contained in Paragraphs 46-52 of the Complaint are the subject of Hartford Life's Motion to Partially Dismiss, filed contemporaneously with this Answer.

## VII.

## COUNT FOUR

### ATTORNEY'S FEES PURSUANT TO 29 U.S.C. § 1132(G)(1) AGAINST THE PLAN AND HARTFORD

53. Hartford Life denies all allegations contained in Paragraph 53 of the Complaint.

Hartford Life denies all allegations contained in the Prayer of the Complaint, and Hartford Life denies all allegations contained in the Complaint not specifically admitted herein.

## VIII.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether Hartford Life abused its discretion in its decisions concerning Plaintiff's claim for benefits from the Plan, because the relevant plan documents contain sufficient discretionary language.

3.  Plaintiff's recovery of benefits, if any, from Hartford Life is subject to an offset pursuant to the terms of the document governing the Plan, which requires offset and/or repayment of any award of other benefits, including any disability benefits Plaintiff receives from the Social Security Administration.

## PRAYER

Hartford Life requests that the Court enter judgment that Plaintiff recover nothing by this action, that Hartford Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Hartford Life be awarded such other and further relief to which it may show itself entitled.

DATED this 19th day of June, 2008.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorney in Charge
State Bar of Texas No. 16452560

JACKSON LEWIS LLP
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219-4497
PH: (214) 520-2400
FX: (214) 520-2008
EM: rademaei@jacksonlewis.com

ATTORNEYS FOR HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

>Bernard A. Guerrini, Esq.
>guerrinipc@erisaltd.com

| | |
|---|---|
| June 19, 2008 | /s/ Iwana Rademaekers |
| Date | ONE OF COUNSEL |