UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MELANIE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08cv00182 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY F/K/A | § | |
| HARTFORD LIFE GROUP INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and subject to its Motion to Transfer Venue, Defendant Hartford Life And Accident Insurance Company ("Hartford Life") files this Motion to Partially Dismiss Plaintiff's Original Complaint and Brief in Support:

**I.
GROUNDS FOR THE MOTION AND
STATEMENT OF THE ISSUE**

In Plaintiff's Original Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff also brings a "claim for failure to provide a full and fair review" under 29 U.S.C. § 1133.[1] Additionally, Plaintiff's "full and fair review" allegations are restated as a third cause of action titled "claim to enforce rights under the

---

1  Complaint at ¶ 34-45.

terms of the plan."[2] However, the allegations pled in the Complaint in support of Plaintiff's full and fair review and enforcement of rights claims, even if taken as true,[3] are insufficient to support the relief requested by Plaintiff. Specifically, the alleged failure of Hartford Life to comply with procedural requirements is not actionable under ERISA. Therefore, these claims should be dismissed.

## II.
## ARGUMENT AND AUTHORITIES

### A.   THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[4] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[5] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[6] Plaintiff has failed to meet this burden with regard to the ERISA claim for failure to provide a full and fair review under 29 U.S.C. § 1133 and claim to enforce rights under the terms of the plan, and these claims must be dismissed from the action.

---

[2] Complaint at ¶ 46-52.

[3] For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, TRU does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

[4] Fed. R. Civ. P. 12(b)(6).

[5] E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[6] Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

B.   **THE ALLEGATIONS ASSERTED IN PARAGRAPHS 34-52 OF THE COMPLAINT ARE NOT ACTIONABLE UNDER ERISA.**

In her Complaint, Plaintiff seeks recovery of disability benefits from Hartford Life under 29 U.S.C. § 1132(a)(1)(B).[7] However, the Complaint also contains a claim against Hartford Life for an alleged failure to provide a full and fair review under 29 U.S.C. § 1133.[8] First, Plaintiff complains of an alleged deficiency in the initial benefits denial letter that Hartford Life sent to Plaintiff.[9] Next, Plaintiff states that Hartford Life "selects and unitizes [sic] biased medical consultants."[10] The final basis for the § 1133 claim is Plaintiff's assertion that Hartford Life's failed to "consult with a vocational professional who could evaluate Plaintiff's impairments."[11] These same allegations are echoed in Plaintiff's claim to enforce rights under the terms of the plan.[12]

The allegations raised in these two claims that are the subject of this Motion are certainly appropriate inquiries and arguments concerning Plaintiff's claim for recovery of benefits in this case under 29 U.S.C. § 11132(a)(1)(B). However, except to the extent that these allegations may factor into the determination of whether the termination of Plaintiff's disability benefits was proper, these allegations are not separately actionable under ERISA. <u>Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan</u>, 493 F.3d 533, 53-540 (5th Cir. 2007); <u>Hines v. Massachusetts Mutual Life Ins. Co.</u>, 43 F.3d 207, 211 (5th Cir. 1995).

In <u>Wade</u>, the plaintiff raised seven points that he argued denied him a full and fair review of his claim: 1) that the initial denial was communicated orally instead of in writing;

---

[7]   Complaint at ¶¶ 25-33.
[8]   Complaint at ¶¶ 3.15 and 3.16.
[9]   Complaint at ¶ 37.
[10]  Complaint at ¶ 41.
[11]  Complaint at ¶ 42.
[12]  Complaint at ¶46-52.

2) that the letter containing the second denial of his claim failed to contain the information required to advise him how to obtain review of the claim; 3) the plan relied on the incorrect criteria for disability; 4) the plan failed to communicate the final review to plaintiff's attorney; 5) the plan created confusion during the appeal; 6) the plan failed to timely notify plaintiff of the denial of his claim: and 7) plaintiff never received the letter denying his benefits. The Fifth Circuit first noted that, "The statute and regulations do not require compliance with Section 1133 *at each and every level* of review of a Plan's internal claim processing." Wade, 493 F.3d at 540 (emphasis original). The Court held that Section 1133 was ultimately complied with when considering all of the communications between the plan and plaintiff. The Court also added, "Even were we to decide otherwise, '[f]ailure to fulfill procedural requirements generally does not give rise to a substantive damage remedy.'" Wade, 493 at 540 (citation omitted).

      Likewise, in the Complaint, Plaintiff has alleged a defect in the initial denial letter sent to her by Hartford Life, but as described above, the Fifth Circuit does not require compliance with § 1133 at all levels of the claim review. Additionally, none of Plaintiff's allegations upon which she relies to bring her claim under § 1133 for full and fair review and her claim to enforce benefits give rise to "a substantive damage remedy."[13] Any remedy that Plaintiff has in this regard is encompassed in Plaintiff's § 1132(a)(1)(B) claim for recovery of benefits for which she has pled in her Complaint. Accordingly, the Court should dismiss Plaintiff's claims for failure to provide a full and fair review and to enforce rights (Paragraphs 34-52 of the Complaint).

---

[13] Hines, 43 F.3d at 211.

## III.
## REQUEST FOR RELIEF

Hartford Life requests the Court:  1) grant Hartford Life's Motion to Partially Dismiss Plaintiff's Original Complaint; 2) dismiss Plaintiff's claim for failure to provide a full and fair review (Paragraphs 34-45 of the Complaint) with prejudice; 3) dismiss Plaintiff's claim to enforce rights under the terms of the plan (Paragraphs 46-52 of the Complaint) with prejudice; 4) award Hartford Life its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and 5) grant Hartford Life any other relief to which its shows itself justly entitled.

DATED this 19th day of June, 2008.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
    Iwana Rademaekers
    Attorney in Charge
    State Bar of Texas No. 16452560

JACKSON LEWIS LLP
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219-4497
PH:  (214) 520-2400
FX:  (214) 520-2008
EM:  rademaei@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

    Bernard A. Guerrini, Esq.
    guerrinipc@erisaltd.com

| June 19, 2008 | /s/ Iwana Rademaekers |
|---|---|
| Date | ONE OF COUNSEL |