IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MELANIE JONES | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 2:08-cv-0182-DF |
| VS. | § | |
| | § | |
| 1. HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY F/N/A | § | |
| HARTFORD LIFE GROUP | § | |
| INSURANCE COMPANY, and | § | |
| 2. VF CORPORATION GROUP LONG | § | |
| TERM DISABILITY INCOME | § | |
| INSURANCE PLAN NO. 503 | | |
| | | |
| **Defendants.** | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, Plaintiff, Melanie Jones, an files this her Response to Defendant's Motion to Partially Dismiss Plaintiff's Original Complaint (Motion) and would show the Court as follows:

### I. Legal Standard

1.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is not appropriate unless a plaintiff's pleading <u>on its face</u> shows, beyond a doubt, that the plaintiff cannot prove any set of facts that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). "A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)." *Doe v. City of Wichita Falls*, 2007 U.S. Dist. LEXIS 23585, at *2 (N.D. Tex. March 30, 2007).

2.      When considering a defendant's motion, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.  *In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996)*; Jones v. G. E.*, 87 F.3d 209, 211 (7th Cir. 1996).  A court must also indulge all inferences in favor of the plaintiff.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Only if no possible construction of the alleged facts will entitle a plaintiff to relief should a court grant a defendant's motion.  *Hishon,* 467 U.S. at 73.  A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that a plaintiff cannot prove any set of facts that would entitle it to relief.  *Id*.; *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401-02 (1996), *on rehearing en banc*, 113 F.3d 1412 (5th Cir. 1997).  A court need not decide what the ultimate remedy should be on a claim.

3.      The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff can offer evidence to support its claims. *Doe v. Hillsbroro*, 81 F.3d at 1401. A court must limit its inquiry to facts stated in the complaint.  *Lovelace v. Software Spectrum,* 78 F.3d 1015,1017-18 (5th Cir. 1996).  A court should dismiss under Federal Rule of Civil Procedure 12(b)(6) only if the court can determine with certainty that the plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint. *Hishon,* 467 U.S. at 73; *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003); *Collins*, 224 F.3d at 497, citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion, a court cannot decide disputed fact issues.  Rather, a court must assume that all material facts contained in the complaint are true. *Id.* If the factual allegations in Plaintiff's Original Complaint support any legal theory that entitles Plaintiff to some relief, the Court should overrule the Defendants' Motion.

4.      A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).  A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in a plaintiff's complaint, *Doe v. Hillsboro,* 81 F.3d at 1401.  The motion cannot be used to resolve factual issues or merits of the case.

## II. Plaintiff's Claim

5.      Plaintiff has a claim to enforce her rights under the terms of the plan as those terms are ostensibly defined to ensure that Plaintiff has a full and fair review of her claim.  29 U.S.C. § 1132 (emphasis supplied) provides in relevant part:

> § 1132. Civil enforcement
> (a) Persons empowered to bring a civil action
> A civil action may be brought—
> > (1) by a participant or beneficiary—
> > > (A) . . .
> > > (B) to recover benefits due to him under the terms of his plan, <u>to enforce his rights under the terms of the plan</u>, or to clarify his rights to future benefits under the terms of the plan;

6.      Plaintiff respectfully submits that the deficiencies in Defendant's administrative process violated Plaintiff's rights under the terms of the plan as alleged in Count Two of the Original Complaint. Plaintiff requests that the Court award her benefits in accordance with Count One, however as an alternative remedy she requests that the Court remand Plaintiff's claim to Defendant (to enforce Plaintiff's rights under the Plan so that it can identify the material necessary to perfect her claim and the reason why such information is necessary, eliminate the

conflict of interest, utilize unbiased record reviewers, and consult with the appropriate vocational professional. See Original Complaint, ¶45. Similarly with Count Three, Plaintiff submits that the deficiencies in Defendant's administrative process violated her rights under the terms of the plan as alleged in Count Three. Similarly, Plaintiff requests that the Court award her benefits under Count One, however, as an alternative remedy, the Plaintiff requests that the Court remand Plaintiff's claim to the Defendant so that it can identify the material necessary to perfect her claim and the reason why such information is necessary, eliminate the conflict of interest, utilize unbiased record reviewers, and consult with appropriate vocational professional. See Original Complaint, ¶ 52.

### III.  Defendant's Authorities

7.     Defendant bases its Motion on the premise that Plaintiff's allegations are not actionable i.e., there is no substantive damage remedy allowed under ERISA, citing *Wade v. Hewlett-Packard Dev. Co. L.P. Short Term Disability Plan,* 493 F.3d 533( 5th 2007) and *Hines v. Massachusetts Mutual Life Ins. Co.,* 43 F.3d 207, (5th Cir.1995). Plaintiff would recall that she is alternatively seeking a remand of her case to Hartford based on the procedural irregularities and not seeking a substantive damage remedy, i.e., benefits.

8.     Plaintiff would make two points regarding the two cases cited, by the Defendant, in order to defrock these authorities of any substance in this case. First, from what the Plaintiff is able to discern, both Wade and Hines were seeking a recovery of benefits (a substantive damage remedy) under the plan. Both of those plaintiffs were seeking to recover benefits under the terms of the plan based on the first part of 29 U.S.C. § 1132(a)(1)(B), to recover benefits due. Plaintiff is alternatively seeking a remand based on the second part of 29 U.S.C. § 1132(a)(1)(B), "To

enforce his rights under the terms of the plan." The distinction is confirmed by referring to the case cited in *Hines*, *Lewandowski v. Occidental Chemical Corp.,* 986 F.2d 1006, 1009 (6th Cir. 1993), which cited the proposition that, "An employer's procedural violations of ERISA entitled employees to <u>monetary</u> relief only in exceptional cases . . ." (emphasis supplied). Second, as stated in *Hines,* an exception (to this lack of a substantive damage remedy) occurs when the procedural violations are continuous and amount to substantive harm. *Hines,* 43 F.3d at 211.

9.  As stated above in section I. Legal Standard, a motion to dismiss is not appropriate unless a plaintiff's pleading <u>on its face</u>, shows <u>beyond a doubt</u>, that plaintiff cannot prove any set of facts that would entitled her to relief.

10. Plaintiff respectfully submits that she is alternatively entitled to a remand based on the enforcement of her rights under the second part of § 1132(a)(1)(B). Also, at the very least, the Plaintiff can offer evidence to support her claims regarding the various procedural irregularities perpetrated by the Defendant as the basis for the remand, and/or that they are continuous and amount to substantive harm.

### IV. Plaintiff Does Not Have an Adequate Remedy for Procedural Deficiencies

11. Defendant states that the procedural irregularities may factor into the determination of whether the termination of Plaintiff's disability benefits was proper (Motion, p. 3.), however, Defendant never stated what that factoring might be. Further, the Defendant failed to specify a mechanism that would ensure that the Defendant cures those procedural irregularities in violation of ERISA and that Plaintiff will not experience those deficiencies again should her claim be denied in the future.

12. Defendant acknowledges that "The allegations raised in these two claims that are the

subject of this Motion are certainly appropriate inquiries and arguments concerning Plaintiff's claim for recovery of benefits in this case under 29 U.S.C. § 1132(a)(1)(B)." *Id*. Defendant also states "Any remedy that Plaintiff has in this regard is encompassed in Plaintiff's § 1132(a)(1)(B) claim for recovery of benefits for which she has plead in her Complaint. *Id.* at p. 4. Therefore, these allegations are a proper part of the Plaintiff's Original Complaint, in this case, whether stated as separate counts or included in Count One.

### V.  Conclusion

13. In conclusion, the Defendant has failed to provide any authority that Plaintiff's request for an alternative remedy, i.e., remand of the claim to the Defendant, is not actionable under ERISA. Further, Plaintiff respectfully submits that the alternative remedy of remand to the Defendant is a viable claim to "enforce her rights under the terms of the plan."

14. Therefore, Plaintiff respectfully requests that Defendant's Motion be denied. In the alternative, if the Court determines Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff asks the Court to grant leave to amend her Complaint.

Wherefore, Plaintiff requests that Defendant's Motion be denied and if not, that Plaintiff be allowed leave to amend her Complaint.

                    Respectfully submitted,


                      /s/Bernard A. Guerrini
                    Bernard A. Guerrini
                    State Bar No. 08581700
                    BERNARD A. GUERRINI, P.C.
                    6500 Greenville Avenue, Suite 320
                    Dallas, Texas 75206
                    Phone: (214) 692-6556
                    Fax:    (214) 692-6578

guerrinipc@erisaltd.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 24, 2008, I electronically filed the forgoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:   Iwana Rademaekers JACKSON LEWIS LLP 3811 Turtle Creek Boulevard, Suite 500 Dallas, Texas 75219-4497

                                                              /s/ Bernard A. Guerrini
                                                            Bernard A. Guerrini